**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION**

COMMODORES ENTERTAINMENT
CORPORATION,

        Plaintiff,

v.                                       Case No. 6:14-cv-1335-Orl-37GJK

THOMAS MCCLARY; and FIFTH
AVENUE ENTERTAINMENT, LLC,

        Defendants.

**ORDER**

This cause is before the Court on Plaintiff's Motion for Temporary Restraining Order, Preliminary Injunction and Memorandum of Law in Support (Doc. 2), filed August 19, 2014. Upon consideration, the Court finds that the motion is due to be denied.

**BACKGROUND**

In this trademark infringement suit, Plaintiff owns the marks associated with the popular band The Commodores. (Doc. 1, ¶¶ 3–4, 69.) Defendant Thomas McClary is a former member of The Commodores who allegedly formed a band called "The Commodores Featuring Thomas McClary" or the "2014 Commodores." (*Id.* ¶ 48; Doc. 2, p. 1.) Plaintiff alleges that McClary's band infringes on its marks. (Doc. 1, ¶¶ 79–87.)

Alongside the Complaint, Plaintiff also filed a motion for temporary restraining order ("TRO"). (Doc. 2.) Plaintiff contends that Defendants' use of the "Commodores" name is a "thinly disguised ploy designed to improperly infringe" on Plaintiff's marks. (*Id.* at 4.) The motion largely discusses Plaintiff's substantial likelihood of success, but also notes that Defendants' "misleading advertisements and marketing efforts" have caused

Plaintiff irreparable harm. (*See id.* at 13–14.)

## STANDARDS

The Court is authorized to issue a temporary restraining order without notice to the adverse party in very limited emergency circumstances. *See* Fed. R. Civ. P. 65(b); Local Rule 4.05. A motion for temporary restraining order must be supported by allegations "not only that the moving party is threatened with irreparable injury, but that such injury is so imminent that notice and a hearing on the application for preliminary injunction is impractical if not impossible." Local Rule 4.05(b)(2).

## DISCUSSION

Nowhere in its motion for TRO does Plaintiff allege that there is any "imminent" or "immediate" harm about to occur.[1] *See* Fed. R. Civ. P. 65(b)(1)(A); Local Rule 4.05(b)(2). To be sure, the alleged trademark infringement may be harmful, but the threatened harm must constitute an emergency for the Court to redress it via TRO and in the absence of input from Defendants.[2]

Because Plaintiff has failed to meet the high threshold for the issuance of a TRO, the motion is due to be denied.[3] Nevertheless, because the Court takes Plaintiff's allegations seriously, the Court will convert the motion for TRO into one for preliminary injunction and set an expedited briefing schedule and hearing on the matter.

---

[1] Further, the Complaint is not verified, as required by Local Rule 4.05(b)(2), which is another reason that it is inappropriate to issue a TRO.

[2] Additionally, Plaintiffs have not alleged any facts supporting the requested $7,500 bond.

[3] The Court notes that this determination is not to be taken as a decision on the merits and does not preclude the possibility of a future issuance of a preliminary injunction. *See* Local Rule 4.05(b)(6).

**CONCLUSION**

Accordingly, it is hereby **ORDERED AND ADJUDGED**:

1. Plaintiff's Motion for Temporary Restraining Order, Preliminary Injunction and Memorandum of Law in Support (Doc. 2) is **DENIED** insofar as the Court will not issue a temporary restraining order.

2. Plaintiff's Motion for Temporary Restraining Order, Preliminary Injunction and Memorandum of Law in Support (Doc. 2) is **CONVERTED** to and **TAKEN UNDER ADVISEMENT** as a Motion for Preliminary Injunction.

3. Plaintiff is **DIRECTED** to immediately serve on Defendants: (1) copies of the Complaint and its exhibits; (2) a copy of the motion for TRO; and (3) a copy of this Order. Plaintiff is further **DIRECTED** to file proof of service on or before Friday, August 22, 2014.

4. On or before Friday, August 22, 2014, Plaintiff may file any further evidence and affidavits in support of the converted motion for preliminary injunction.

5. On or before Friday, August 29, 2014, Defendants may file one consolidated response in opposition to the converted motion for preliminary injunction, including all opposing affidavits.

6. On or before Wednesday, September 3, 2014, Plaintiff may file a reply to Defendants' response. Plaintiff's reply shall be directed only to Defendants' response and shall not include any new issues, rebuttal affidavits, or other evidence in support. Plaintiffs' reply shall not exceed five (5) pages.

7. This matter will be heard before the undersigned on Wednesday, September 10, 2014, at 9:00 a.m., in Courtroom 4A of the Orlando

Courthouse, 401 West Central Boulevard, Orlando, Florida 32801. Each side shall have thirty (30) minutes for oral argument. No evidence will be taken at the hearing.

**DONE AND ORDERED** in Chambers in Orlando, Florida, on August 19, 2014.

*[signature]*

ROY B. DALTON JR.
United States District Judge

Copies:

Counsel of Record