**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION**

COMMODORES ENTERTAINMENT
CORPORATION,

       Plaintiff,

v.                                     Case No. 6:14-cv-1335-Orl-37GJK

THOMAS McCLARY; and FIFTH
AVENUE ENTERTAINMENT, LLC,

       Defendants.

**ORDER TO SHOW CAUSE**

This cause is before the Court on Plaintiff's Motion for Order to Show Cause Why Defendants Should Not Be Held in Civil Contempt and Incorporated Memorandum of Law (Doc. 61), filed October 20, 2014. Upon consideration, the Court finds that the Motion is due to be granted.

On October 15, 2014, the Court issued a preliminary injunction enjoining Defendant from "using any of the Marks at issue in a manner other than fair use, including performing under the name 'The Commodores featuring Thomas McClary' or 'The 2014 Commodores.'" (Doc. 56, p. 11.) The preliminary injunction took effect on October 20, 2014. (*Id.*) However, the Parties could not agree on a sufficient bond amount, so the Court entered an order on October 16, 2014 directing the parties to submit their "respective positions regarding an appropriate bond amount and supporting documents." (Doc. 58, p. 2.)

Plaintiff moves the Court to order Defendant to show cause why he has not complied with the preliminary injunction. (Doc. 61.) Counsel for Defendant asserts that

the preliminary injunction is not effective until the Court determines and Plaintiff posts a sufficient bond. (Doc. 61-2.) This assertion is incorrect. Significantly, the Court's October 16, 2014 Order notified the parties that "the preliminary injunction will still be effective beginning on October 20, 2014 . . ., and the Court will determine an appropriate bond amount within a short period of time." (Doc. 58, p. 2 (citing *Popular Bank of Fla. v. Banco Popular de Puerto Rico*, 180 F.R.D. 461, 465 (S.D. Fla. 1998) for the proposition that it is not vital that the bond determination be made for the preliminary injunction to be effective so long as there is a small time gap between the two).)

The Court enforces preliminary injunctions through its civil contempt power. *Reynolds v. Roberts*, 207 F.3d 128, 1298 (11th Cir. 2000). If a plaintiff believes that a defendant is failing to comply with the Court's preliminary injunction, then the plaintiff may move the court to "issue an order to show cause why the defendant should not be adjudged in civil contempt and sanctioned." *Id.* "If satisfied that the plaintiff's motion states a case of non-compliance, the court orders the defendant to show cause why he should not be held in contempt." *Id.* Here, Plaintiff has stated a cause of non-compliance based on the Defendant's alleged ongoing use of the Marks at issue on his website and social media account. (Doc. 61, p. 4; Doc. 61-1.)

Accordingly, it is hereby **ORDERED AND ADJUDGED**:

1. Plaintiff's Motion for Order to Show Cause Why Defendants Should Not Be Held in Civil Contempt and Incorporated Memorandum of Law (Doc. 61) is **GRANTED**.

2. On or before Thursday, **October 23, 2014**, Defendant is **ORDERED to show cause** why he should not be held in civil contempt for failure to abide by the

preliminary injunction (Doc. 56) and the October 16, 2014 Order (Doc. 61).

3. Upon receipt of Defendant's response, the Court will determine if a hearing on the matter is necessary.[1]

**DONE AND ORDERED** in Chambers in Orlando, Florida, on October 21, 2014.

ROY B. DALTON JR.
United States District Judge

Copies:

Counsel of Record

---

[1] In *Reynolds*, the Eleventh Circuit outlined the procedure for failure to comply with a preliminary injunction as follows: (1) plaintiff should move the court to issue an order to show cause; (2) if the motion states a case of non-compliance, the court should order the defendant to show cause why he should not be held in contempt *and schedule a hearing for that purpose*; (3) at the hearing, the plaintiff must prove what he alleges in the motions; (4) the court hears from the defendant; and (5) the court makes a determination as to whether the defendant complied with the injunction and whether sanctions are necessary. 407 F.3d at 1298.