**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION**

COMMODORES ENTERTAINMENT
CORPORATION,

    Plaintiff,

v.                                                                  Case No. 6:14-cv-1335-Orl-37GJK

THOMAS MCCLARY; and FIFTH
AVENUE ENTERTAINMENT, LLC,

    Defendants.

**ORDER**

On October 15, 2014, the Court granted Plaintiff's Motion for Preliminary Injunction, enjoined Defendants from using the trademarks associated with the band name the Commodores (the "Marks") pending a determination on the merits, and ordered the parties to meet and confer regarding an appropriate bond amount. (Doc. 56.) When they were unable to reach an agreement regarding the bond (*see* Doc. 57), the Court sought guidance from the parties on what would be sufficient security (Doc. 58) and received their respective positions of $25,000 from Plaintiff (Doc. 71) and $4,262,500 from Defendants (Doc. 72). Additionally, the Court set an expedited bond hearing at which it was willing to accept evidence and hear testimony. (Docs. 74, 77.) The hearing was held on November 5, 2014. (Doc. 92.)

At the evidentiary hearing, Defendants failed to present testimony or evidence—aside from the affidavit of Thomas McClary's agent, Carlos Keyes Fernandez—to support its untenable position that the bond should be upwards of four million dollars.[1] The Court

---

[1] Defendants filed Carlos Keyes Fernandez' affidavit along with its response to the

invited Defendants to submit evidence of any of the following: (1) the number of times Thomas McClary performed under the name "The Commodores featuring Thomas McClary" or "The 2014 Commodores" and how much money, if any, Defendants made off of those performances; (2) how much net income Thomas McClary made off of the performances, if any; (3) a performance contract with a venue representing how much Defendants would or could make from future performances; and (4) contracts or performances that fell through as a result of the lawsuit or Plaintiff's actions. Defendants failed to provide any of the solicited responses. Additionally, Defendants argued that potential profit earned by making fair use of the Marks was irrelevant for the Court's consideration. The Court disagrees. The scope of the injunction is narrow—enjoining Defendants only from using the Marks in an infringing manner, such as "The Commodores featuring Thomas McClary" or "The 2014 Commodores"—so the amount of bond should be narrow too—that is, it should only be the difference between the profits Defendants could earn using the Marks in an infringing manner and making fair use of the Marks.

Similarly, Plaintiff failed to submit any evidence to negate Defendants' proposal or support its own contention that bond should be set at only $25,000. Instead, it argued that

---

Court's Order regarding the amount of bond. (Doc. 72-2.) The Court did not permit Mr. Fernandez to testify at the hearing telephonically. (Doc. 88.) At the hearing, Plaintiff objected to Mr. Fernandez' affidavit because it did not have the opportunity to cross-examine him and claiming that his conclusions were unfounded. The Court is not persuaded by Mr. Fernandez' financial analysis and determination that Defendants could suffer $1.5 million per year because he did not provide any foundation for that number. He has only been working with Defendants since summer of 2014 (Doc. 72-2, ¶ 13) and, although he claims to have negotiated several firm deals that would total at least $850,000 through 2015 (*id.* ¶¶ 14–16), he did not provide any contracts to support those contentions.

the "burden of establishing a rational basis for the amount of a proposed bond rests with the party seeking security," and that Defendant will not lose any money because he can still perform making fair use of the Marks. *VAS Aero Servs., LLC v. Arroyo*, 860 F. Supp. 2d 1349, 1364 (S.D. Fla. 2012).

Because the Court received no guidance from either party on what Defendants' profits could be from any use of the Marks or what its loses will be, if any, while enjoined from using the Marks, it is forced to come up with an appropriate bond amount on its own. *See Carillon Imps., Ltd. V. Frank Pesce Int'l Group Ltd.*, 112 F.3d 1125, 1127 (11th Cir. 1997) ("The amount of an injunction bond is within the sound discretion of the district court."). As such, the Court determines that $100,000.00 is sufficient security in case the Defendant was improvidently enjoined.

Accordingly, it is hereby **ORDERED AND ADJUDGED** that Plaintiff is **ORDERED** to post a bond of one hundred thousand dollars ($100,000.00) on or before Monday, November 17, 2014.

**DONE AND ORDERED** in Chambers in Orlando, Florida, on November 12, 2014.

ROY B. DALTON JR.
United States District Judge

Copies:

3

4

Counsel of Record