**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION**

| | |
|---|---|
| COMMODORES ENTERTAINMENT CORPORATION, | ) ) ) |
| Plaintiff and Counterclaim Defendant, | ) ) |
| v. | ) ) |
| THOMAS MCCLARY, and FIFTH AVENUE ENTERTAINMENT, LLC, | ) ) ) |
| Defendants and Counterclaim Plaintiffs, | ) ) |
| | ) Case No. 6:14-cv-01335-RBD-GJK ) |
| THOMAS MCCLARY, and FIFTH AVENUE ENTERTAINMENT, LLC, | ) ) ) |
| Third Party Plaintiffs, | ) ) |
| v. | ) ) |
| COMMODORES ENTERTAINMENT CORP., a Nevada Corporation, COMMODORE ENTERTAINMENT CORP., DAVID FISH, an Individual, WILLIAM KING, an Individual, WALTER ORANGE, an Individual, SAL MICAELS, an Individual, PYRAMID ENTERTAINMENT GROUP, INC., a New York Corporation, and DOES 1-100, | ) ) ) ) ) ) ) ) ) |
| Third Party Defendants. | ) ) |

**DEFENDANTS' MOTION TO STAY PROCEEDINGS AND STAY ENFORCEMENT OF
INJUNCTION UNTIL TRADEMARK CANCELLATION AND RECTIFICATION
ISSUES BEFORE THE TRADEMARK TRIAL AND APPEAL BOARD ARE
RESOLVED**

## I.     BACKGROUND AND RELIEF REQUESTED

This lawsuit was originally filed on August 19, 2014 by the Plaintiff Commodores

Entertainment Corporation (hereafter "C$_8$EC") against the Defendants Thomas McClary

(hereafter "McClary") and Fifth Avenue Entertainment, LLC (hereafter "Fifth Avenue") requesting injunctive relief for alleged trademark infringement and issues related to trademark infringement.  On September 2, 2014, McClary as Petitioner filed a Petition for Cancellation and Rectification (as evidenced by Exhibit A) of the U.S. Trademark Registration Numbers that are the subject of this lawsuit.  The cancellation and rectification proceeding is still pending before the Trademark Trial and Appeal Board (hereafter "TTAB") of the U.S. Patent and Trademark Office (currently in the discovery phase), and will determine whether the mark registrations in question should be cancelled, and whether even if the registrations are maintained, the record owner should be changed.

Because the Plaintiff $C_8EC$'s case before this Court ultimately requires valid trademark registrations and valid ownership, the issues of cancellation and rectification should be determined prior to any further proceedings before this Court, and as a natural and just outcome, the enforcement of the Injunction (Documents 56 and 141) should be stayed in the meantime. The Defendants McClary and Fifth Avenue therefore respectfully request that this Honorable Court stay the current proceedings and stay enforcement of the Injunctive Order until after the TTAB proceedings are concluded.

The Defendants McClary and Fifth Avenue also inform this Court that on October 14, 2014, the Respondent in the TTAB proceedings—an entity known as Commodore Entertainment Corporation, with "Commodore" being singular (hereafter "CEC")—filed a motion with the TTAB to suspend the TTAB proceedings.  The TTAB has not ruled on the motion to suspend. Even if the TTAB later decides to suspend its proceedings because of the litigation before this Court, the issues in the cancellation and rectification proceeding should still be resolved prior to any further action of this Court.   Therefore, the Defendants McClary and Fifth Avenue

alternately request that should the TTAB suspend its proceedings, this Court first resolve the cancellation and rectification issues prior to further action in the current litigation, and that the enforcement of the Injunction Order be stayed in the meantime.

## II.   A SUMMARY OF THE TRADEMARK CANCELLATION AND RECTIFICATION PROCEEDING, AND ADDITIONAL COMMENTS

The Trademark Cancellation and Rectification Proceeding has been assigned Proceeding Number 92059885, and all of the documents are electronically available to the public.  The U.S. Trademark Registration Numbers involved are 2424686, 2424689, 2490360, and 2497958 for the marks "COMMODORES (and design)," "THE COMMODORES," "COMMODORES (and design)," and "THE COMMODORES," respectively.

Trademark registration applications require the applicant to file a Declaration that among other things declares:  1) the applicant's representative is authorized to execute the application in question;  2) the applicant's representative believes the applicant to be the owner of the trademark/service mark sought to be registered, or in the case of bona fide intent-to-use applications, he believes the applicant is entitled to use such mark in commerce; 3) to the best of the applicant's knowledge and belief, no other person, firm corporation, or association has the right to use the above-identified mark in commerce, either in the identical form thereof, or in such near resemblance thereto as to be likely, when used on or in connection with the goods/services of such other person, to cause confusion, or to cause mistake, or to deceive; 4) that all statements made of the applicant's representative's knowledge are true; and 5) that all statements made on information and belief of the applicant are believed to be true.

The Petition for Cancellation and Rectification alleges several instances of fraud on the Patent and Trademark Office, since, at the time the registration applications were filed, the

Respondent CEC knew that common law rights already existed in others outside of CEC in the marks "COMMODORES" and "THE COMMODORES," and that CEC never acquired those rights from any of the six original members (of which Defendant Thomas McClary was one) of The Commodores musical group, and knew it had not.  The mark had been used in commerce approximately ten (10) years prior to the existence of Commodores Entertainment Corporation. Even the registration applications assert that the marks had been in use at least before April, 1972, which is at least six (6) years prior to the formation of Commodores Entertainment Corporation according to the Nevada Secretary of State (see Exhibit B).

As the six original members of The Commodores (McClary included) are the rightful owners of the marks—and not Commodores Entertainment Corporation—rectification to change the record ownership of the marks is appropriate.  Another striking problem evident is that Plaintiff Commodores Entertainment Corporation owns no trademarks, and the record owner of the trademark registrations in question—Commodore Entertainment Corporation—does not even exist!  This is not a trivial matter.  In fact, the Plaintiff knows it is not a trivial matter, and attempted to amend the name of the ownership of the marks without informing the TTAB or this Court.  Please see the attached Exhibits C, D, E, and F reflecting those failed attempts.  It is worth noting that CEC or $C_SEC$ had several opportunities over the years to correct the names, including follow-up affidavits for incontestability in later years, but never bothered to correct any problems—until now.  One can certainly draw a strong inference that either there was intent to mislead for well over a decade, including a complete lack of candor, or profound indifference that a court sitting in equity should not reward.

### III.    CONCLUSION

The Defendants respectfully assert that the seminal issues litigated before the Trademark Trial and Appeal Board should be resolved before any further action of this Court or any enforcement of injunctions by this Court.  Further, those issues should be resolved whether by the TTAB, or should the TTAB suspend its proceedings, by this Court.  This is a fair and logical request.


Respectfully submitted,


/s/ Gregory P. Gadson
Gregory P. Gadson, Esq.
*Pro Hac Vice* Attorney for Defendants
19375 Amber Way
Noblesville, IN  46060
Tel:  (317) 965-9609
E-mail:  gregory_gadson@yahoo.com


### CERTIFICATE OF SERVICE

The undersigned hereby certifies that on January 5, 2015, a true and correct copy of the foregoing was filed with the Clerk of the Court using the CM/ECF system, which sent notification to the attorneys of record via e-mail, including the following:


Dean A. Kent, Esq.
Stephanie Smith Leuthauser, Esq.
Trenam Kemker
101 East Kennedy Boulevard, Suite 2700
Tampa, FL  33602
E-mails:  DKent@trenam.com; SLeuthauser@trenam.com


/s/ Gregory P. Gadson
Gregory P. Gadson, Esq.