**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION**

COMMODORES ENTERTAINMENT
CORPORATION,

        Plaintiff/Counter
        Defendant,

v.                                     Case No. 6:14-cv-1335-Orl-37GJK

THOMAS McCLARY; and FIFTH
AVENUE ENTERTAINMENT, LLC,

        Defendants/
        Counter Claimants.

---

THOMAS McCLARY; and FIFTH
AVENUE ENTERTAINMENT, LLC,

        Third Party
        Plaintiffs,

v.

COMMODORES ENTERTAINMENT
CORP.; COMMODORE
ENTERTAINMENT CORP.; DAVID
FISH; WILLIAM KING; WALTER
ORANGE; SAL MICAELS; PYRAMID
ENTERTAINMENT GROUP, INC.; and
DOES 1-100,

        Third Party
        Defendants.

---

**ORDER**

This cause is before the Court on Defendants' Motion to Stay Proceedings and Stay Enforcement of Injunction Until Trademark Cancellation and Rectification Issues Before the Trademark Trial and Appeal Board are Resolved (Doc. 151), filed on

January 5, 2015. Upon consideration, the Court finds that the Motion is due to be denied.

Plaintiff initiated this trademark infringement action on August 19, 2014. (*See* Doc. 1.) On September 2, 2014, Defendant McClary filed a Petition for Cancellation and Rectification of the U.S. Trademark Registration Numbers (the "Petition") for the Marks at issue, which is still pending before the Trademark Trial and Appeal Board ("TTAB") of the United States Patent and Trademark Office. (*See* Doc. 151, p. 2; Doc. 151-2.) Plaintiff—Respondent in the TTAB proceeding—moved to suspend the TTAB proceeding in light of the pending action in this Court. (*See* Doc. 165-1.) The TTAB has not yet ruled on the motion to suspend. (*See* Doc. 151, p. 2.) Defendants never notified the Court of the Petition proceeding, nor do they provide an explanation for not advising the Court of the proceeding. On October 15, 2014, the Court preliminarily enjoined Defendants from using the Marks at issue in this case "in a manner other than fair use, including performing under the name 'The Commodores featuring Thomas McClary' or 'The 2014 Commodores.'" (*See* Doc. 56.) Defendants now seek to stay this action and enforcement of the injunction until the TTAB determines "whether the mark registrations in question should be cancelled, and whether even if the registrations are maintained, the record owner should be changed." (Doc. 151, p. 2.) Plaintiff opposes. (*See* Doc. 165.) The matter is now ripe for the Court's adjudication.

The Court is not persuaded that a stay is warranted. In accordance with this federal trademark action, the Court has authority to "determine the right to registration, order the cancelation of registrations, in whole or in part, restore canceled registrations, and otherwise rectify the register with respect to the registrations of any party," and any decree or order of this Court shall be controlling on the Patent and Trademark Office.

*See* 15 U.S.C. § 1119. Thus, the Court need not and will not postpone this litigation pending some determination by the TTAB; if anything, the TTAB is at liberty to suspend its own proceedings. *See Knights Armament Co. v. Optical Sys. Tech., Inc.*, 568 F. Supp. 2d 1369, 1373 (explaining that the TTAB stayed the trademark cancellation proceedings in light of the federal district court litigation).

The Defendants' request to stay enforcement of the injunction is likewise denied. The Court's injunction remains in effect.

Accordingly, it is hereby **ORDERED AND ADJUDGED** that Defendants' Motion to Stay Proceedings and Stay Enforcement of Injunction Until Trademark Cancellation and Rectification Issues Before the Trademark Trial and Appeal Board are Resolved (Doc. 151) is **DENIED**.

**DONE AND ORDERED** in Chambers in Orlando, Florida, on January 29, 2015.

ROY B. DALTON JR.
United States District Judge

Copies:

Counsel of Record