**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION**

COMMODORES ENTERTAINMENT
CORPORATION,

    Plaintiff/Counter
    Defendant,

v.                                                       Case No. 6:14-cv-1335-Orl-37GJK

THOMAS McCLARY; and FIFTH
AVENUE ENTERTAINMENT, LLC,

    Defendants/
    Counter Claimants.

**ORDER**

This cause is before the Court on the following:

1. Plaintiff's Motion to Dismiss Count Twelve of First Amended Verified Counterclaim, Motion to Strike Attorneys' Fees, Motion to Strike Demand for Punitive Damages, and Motion to Establish FDUTPA Bond and Incorporated Memorandum of Law in Support (Doc. 93), filed November 11, 2014;

2. Defendants' Opposition to Plaintiff's "Motion to Dismiss Count Twelve of First Amended Verified Counterclaim, Motion to Strike Attorneys' Fees, motion to Strike Demand for Punitive Damages, and Motion to Establish FDUTPA Bond" (Doc. 94), filed November 13, 2014; and

3. Defendants' Brief in Support of Opposition to Plaintiff's Document 93 Motions (Doc. 95), filed November 13, 2014.

Upon consideration, the Court finds that the motion is due to be granted in part and denied

in part.

## BACKGROUND

Plaintiff, Commodores Entertainment Corporation ("CEC"), brought this trademark infringement action, claiming that Defendants have used and continue to use trademarks purportedly owned by CEC. (Doc. 1, ¶ 1.) CEC's eight-count Complaint consists of, *inter alia*, claims of federal trademark infringement and violations of the Lanham Act. (*See id.*)

On October 28, 2014, Defendant Thomas McClary filed a twelve-count Amended Counterclaim against CEC; significantly, he asserts a violation of Florida's Deceptive and Unfair Trade Practices Act ("FDUTPA"), Fla. Stat. § 501.201, ("Count Eight") and seeks an accounting of CEC ("Count Twelve"). (*See* Doc. 79.) Additionally, McClary seeks attorneys' fees and punitive damages in several of his counts. (*See id.* ¶¶ 74, 86, 94, 107, 125, 165, 177, 202 (seeking attorney's fees); *id.* ¶¶ 166, 176, 201, 226 (seeking punitive damages).)

CEC moves the Court to do the following in regard to McClary's Amended Counterclaim[1] (*id.*): (1) dismiss Count Twelve (*see* Doc. 93, p. 7); (2) strike the demand for attorneys' fees in the common law trademark claim ("Count Five"), the defamation claim ("Count Nine"), and the tortious interference claim ("Count Ten") (*see id.* at 7–8); (3) strike the requests for punitive damages (*see id.* at 8); and (4) require McClary to post

---

[1] Defendant Fifth Avenue Entertainment, LLC ("FAE") filed its own Verified Answer and First Amended Counterclaim. (*See* Doc. 59.) The Court however construes CEC's motion as being pertinent only to McClary's Amended Counterclaim because: (1) FAE's amended counterclaim only has three counts (*see id.*); (2) FAE's amended counterclaim does not seek attorney's fees (*see id.*); and (3) throughout its motion, CEC refers to McClary's amended counterclaim but never refers to FAE's amended counterclaim (*see* Doc. 79).

a bond in connection with his FDUPTA claim (*see id.* at 10–11). Defendants[2] oppose. (*See* Docs. 94, 95.) The matter is now ripe for the Court's adjudication.

## DISCUSSION

### I.     Motion to Dismiss

CEC first moves to dismiss Count Twelve of the Amended Counterclaim. (*See* Doc. 93.) In Count Twelve, McClary alleges that he is a shareholder of "Commodores Entertainment Corp." (Doc. 79, ¶ 237), which he maintains is different than CEC (*see id.* ¶¶ 5–8, 31, 35–43, 229, 233–238). He further alleges that CEC has been co-mingling its assets with that of Commodores Entertainment Corp. (*id.* ¶ 234), and that his shareholder status entitles him to an accounting of both Commodores Entertainment Corp. and CEC (*id.* ¶¶ 238–242).

CEC moves to dismiss this claim. (*See* Doc. 93.) In support, CEC argues that Florida law applies and that "McClary clearly fails to plead or address the requisite elements" of an accounting under Florida law. (*Id.* at 7.) Defendants counter that Nevada law applies because Commodores Entertainment Corp. is a Nevada corporation and that Nevada Revised Statute § 78.257 entitles McClary to an accounting because he owns more than fifteen percent of the corporation's stock. (*See* Doc. 95, pp. 3–5.) Alternatively, Defendants argue that the Motion should be denied because McClary adequately alleges a fiduciary relationship under Florida law. (*See id.* pp. 5– 6.) Neither party has briefed the choice of law issue.[3]

---

[2] Even though the response is seemingly from both Defendants (*see* Docs. 94, 95 (including "Defendants'" in the title as opposed to "Defendant's")), the Court construes CEC's motion as being pertinent only to McClary's amended counterclaim for the reasons previously stated.

[3] The parties have just barely, if at all, satisfied the standard for motion practice under

On a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), the Court limits its consideration to "the well-pleaded factual allegations." *La Grasta v. First Union Sec., Inc.*, 358 F.3d 840, 845 (11th Cir. 2004). A pleading must include factual allegations that "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). In making this plausibility determination, the Court must accept the factual allegations as true and construe them in the light most favorable to the pleading party; however, this "tenet . . . is inapplicable to legal conclusions." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A pleading that offers mere "labels and conclusions" is therefore insufficient. *Twombly*, 550 U.S. at 555.

McClary's pleading is inartfully drafted and leaves the Court unable to discern a basis for an accounting. His Amended Counterclaim is rife with allegations that suggest a legal difference between "Commodores Entertainment Corporation" and "Commodores Entertainment Corp." (*See* Doc. 79, ¶¶ 5–8, 31, 35–43, 229, 233–238.) However, there is no distinction between the terms "corporation" and "corp." NAC 78.020 ("'[C]orporation' versus 'corp.' shall not be considered when determining whether two names are distinguishable.") McClary's repetitive allegations suggesting a legal difference between the two corporations are therefore without merit and unhelpful to both the Court and the Plaintiff who must respond to the allegations. Ultimately, these allegations may "exact an intolerable toll on the trial court's docket, lead to unnecessary and unchannelled discovery, and impose unwarranted expense on the litigants, the court, and the court's

---

Local Rule 3.01, which requires them to provide a "memorandum of legal authority" in support of or in opposition to the request to dismiss. *See* Local Rule 3.01(a), (b). The parties' briefing is inadequate and not helpful; nonetheless, the Court will rule on the Motion.

parajudicial personnel and resources." *See Cramer v. State of Fla.*, 117 F.3d 1258, 1263 (11th Cir. 1997) (dismissing shotgun complaints for these reasons). Thus, the Motion is due to be granted and the claim is due to be dismissed.

## II. Motion to Strike Claims for Attorneys' Fees from Counts Five, Nine, and Ten

CEC moves the Court to strike McClary's request for attorneys' fees from Counts Five, Nine, and Ten because McClary has not pled a statutory or contractual basis for awarding attorneys' fees. (*See* Doc. 93, pp. 7–8.) Defendants oppose. (*See* Doc. 95, pp. 6–7.)

"The court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). Courts, however, do not favor motions to strike on the aforementioned grounds. *Coca-Cola Foods v. Empresa Comercial Internacional De Frutas S.A.*, 941 F. Supp. 1182, 1184 (M.D. Fla. 1996).

McClary's requests for attorney's fees in Counts Five, Nine, and Ten are not "redundant, immaterial, impertinent, or scandalous." *See* Fed. R. Civ. P. 12(f). As such, the Motion to Strike is due to be denied. The Court will determine the question of entitlement at a later stage of the proceedings.

## III. Motion to Strike Requests for Punitive Damages

CEC also moves the Court to strike McClary's requests for punitive damages because, under Florida law,

> prior to filing a claim for punitive damages, a plaintiff must make an initial showing of evidence in the record or proffered by the plaintiff that would provide a reasonable basis for the recovery of such damages. A plaintiff must then obtain leave from the trial court to amend the complaint before a claim for punitive damages can be asserted.

(Doc. 93, p. 8 (citing Fla. Stat. § 768.72(1)).) Defendants oppose, arguing that Florida Statute § 768.72 does not govern in this action. (*See* Doc. 95, pp. 7–8.) Defendants are correct.

Florida Statute § 768.72 is not applicable in federal court because it conflicts with Federal Rule of Civil Procedure 8. *Cohen v. Office Depot, Inc.*, 204 F.3d 1069, 1072 (11th Cir. 2000). As a result, a plaintiff in a Florida federal court "need not obtain leave of court before pleading a request for punitive damages." *Id.* Accordingly, CEC's motion to strike McClary's request for punitive damages is due to be denied.

### IV. Motion for the Court to Require Defendant McClary to Post a Bond for His FDUTPA Claim

Finally, CEC moves the Court to require McClary to post a bond on his FDUTPA claim. (*See* Doc. 93, pp. 9–10.) Defendants oppose, asserting that the request is "unfounded and unripe for adjudication." (*See* Doc. 95, pp. 8–9.) The Court agrees with Defendants.

The Court may require the party instituting an FDUTPA action to post a bond "which the court finds reasonable to indemnify the defendant for any damages incurred, including reasonable attorney's fees." Fla. Stat. § 501.211(3). However, it may do so only "after hearing evidence as to the necessity [for the bond]." *Id.* It remains to be seen whether a bond is necessary because the Court has not held the requisite hearing (none has been requested); accordingly, CEC's request is due to be denied as premature.

### CONCLUSION

Accordingly, it is hereby **ORDERED AND ADJUDGED**:

1. Plaintiff's Motion to Dismiss Count Twelve of First Amended Verified Counterclaim, Motion to Strike Attorney's Fees, Motion to Strike Demand


for Punitive Damages, and Motion to Establish FDUPTA Bond and Incorporated Memorandum of Law in Support (Doc. 93) is **GRANTED IN PART and DENIED IN PART**:

    a. The Motion to Dismiss Count Twelve of First Amended Verified Counterclaim is **GRANTED**. Count Twelve of the Amended Counterclaim (Doc. 79) is **DISMISSED WITHOUT PREJUDICE** with leave to refile on or before Friday, **February 13, 2015**. If McClary chooses to refile the claim, he should be sure to establish and plead the elements of an accounting under the applicable governing law.

    b. Plaintiff's Motion to Strike Attorney's Fees, Motion to Strike Demand for Punitive Damages, and Motion to Establish FDUTPA Bond are **DENIED**.

2. If McClary does not refile Count Twelve, then Plaintiff's answer to the Amended Counterclaim is due Wednesday, February 25, 2015. If McClary does refile, then the Plaintiff's answer is due within twenty-one days from the date of the amended filing. *See* Fed. R. Civ. P. 12(a)(1)(B).

**DONE AND ORDERED** in Chambers in Orlando, Florida, on February 4, 2015.

*[signature]*
ROY B. DALTON JR.
United States District Judge

Copies:

Counsel of Record