**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

COMMODORES ENTERTAINMENT
CORPORATION,

        Plaintiff/Counter
        Defendant,

v.                                      Case No. 6:14-cv-1335-Orl-37GJK

THOMAS McCLARY; and FIFTH
AVENUE ENTERTAINMENT, LLC,

        Defendants/
        Counter Claimants.

_____

THOMAS McCLARY; and FIFTH
AVENUE ENTERTAINMENT, LLC,

        Third-Party
        Plaintiffs,

v.

DAVID FISH; WILLIAM KING; and
WALTER ORANGE,

        Third-Party
        Defendants.

_____

**ORDER**

This cause is before the Court on the following matters:

(1)    Plaintiff's Motion to Strike Expert Witness, Richard Wolfe, and Supporting

Memorandum of Law (Doc. 254), filed October 30, 2015;

(2)    Defendants' Response (Doc. 265), filed November 5, 2015;

(3)     Plaintiff and Third Party Defendants' Motion in Limine (Doc. 289), filed January 28, 2016;

(4)     Defendants' Response (Doc. 300), filed February 11, 2016;

(5)     Defendants' Motions in Limine (Doc. 290), filed January 28, 2016;

(6)     Plaintiff and Third Party Defendants' Response in Opposition to Defendants' Motion in Limine (Doc. 296), filed February 11, 2016; and

(7)     [The Parties'] Joint Motion to Extend Time to File Exhibits to Joint Pretrial Statement (Doc. 318), filed March 18, 2016.

## OVERVIEW

Plaintiff Commodores Entertainment Corporation ("**CsEC**") initiated this trademark infringement action on August 19, 2014. (Doc. 1.) Plagued by counsels' painfully obvious failure to familiarize themselves with the rules of practice and procedures in this Court, contentious proceedings ensued, and on **February 18, 2016**, the Court conducted a Final Pretrial Conference ("**FPTC**"). (Doc. 311.) At the FPTC, the parties' inadequate preparation and unfamiliarity with the Court's trial preparation requirements was again demonstrated; thus, the Court reset the matter for trial during the July trial term, and the Court struck most of the parties' improper pre-trial filings. (*See id.*) Pursuant to Federal Rule of Civil Procedure 42(b), the Court also ordered that the trial would be conducted in two phases—the first phase concerned primarily with ownership of the marks ("**Phase One**"), and the second phase concerned with liability and damages ("**Rule 42 Order**"). (*See id.*) Finally, the Court ruled on pending motions from the bench. This Order memorializes the Court's rulings at the FPTC and addresses the parties' recent filing.

## STRICKEN FILINGS

Consistent with the Court's rulings at the FPTC, the following filings are stricken because they were submitted late, unilaterally, or otherwise in violation of the Court's Local Rules and the requirements of the Court's Case Management and Scheduling Order ("**CMSO**") (Doc. 107):

- Joint Pre-Trial Statement (Doc. 297), filed February 11, 2016;

- Plaintiff, Commodores Entertainment Corporation's Exhibit List (Doc. 297-1), filed February 11, 2016;

- Defendants' Exhibit List (Doc. 297-2), filed February 11, 2016;

- Plaintiff and Third Party Defendants' Objections and Cross-Designations to Defendants' Deposition Designations (Doc. 305), filed February 17, 2016;

- Plaintiff and Third Party Defendants' Objections to Defendants' Proposed Exhibits (Doc. 306), filed February 17, 2016;

- Plaintiff's Proposed Voir Dire Questions (Doc. 307), filed February 17, 2016;

- Plaintiff's Amended Proposed Voir Dire Questions (Doc. 308), filed February 17, 2016;

- Notice of Filing Revised Purported Joint/Agreed Jury Instructions and Objections (Doc. 309), filed February 17, 2016; and

- Court's Instructions to the Jury (Doc. 309-1), filed February 17, 2016.

## EXPERT WITNESS TESTIMONY

Arguing that the expert report disclosed by Defendants for their proposed expert witness Richard Wolfe, Esq. ("**Wolfe**") is "rife with case citations and conclusory statements," Plaintiff moved to strike ("**Wolfe Motion**"). (Doc. 254). Defendants responded, and the parties addressed the Wolfe Motion at the FPTC. The law is well-

settled that the "court must be the jury's only source of law"; thus, expert witnesses "may not testify to the legal implications of conduct" or to matters concerning a pure question of law. *See Montgomery v. Aetna Cas. & Sur. Co.*, 898 F.2d 1537, 1541 (11th Cir. 1990) (holding that district court abused its discretion by allowing an expert witness to testify about the scope of a party's legal duty); *see also Myers v. Bowman*, 713 F.3d 1319, 1328 (11th Cir. 2013) (holding that district court correctly disregarded opinion testimony concerning a "pure question of law"). Such opinions concerning legal matters simply are not helpful to a jury—which is a requirement of admissibility under Federal Rule of Evidence 702(a). Accordingly—as ordered at the FPTC—the Wolfe Motion is due to be granted to the extent that Plaintiff seeks to preclude Defendants from eliciting testimony at Wolfe at trial concerning any legal conclusions or opinions concerning the law.

## MOTIONS IN LIMINE

Before the FPTC, the parties submitted briefing on their respective motions in limine ("**MIL**"). (*See* Docs. 289, 300 (Plaintiff's MIL); Docs. 290, 296 (Defendants' MIL).) Due to the Rule 42 Order, a number of matters raised in the MILs were granted as to Phase One only or were denied on ripeness grounds or with leave to reassert. Specifically, as to Phase One only, the Court granted: (1) the parties' respective requests to exclude evidence concerning the injunction entered in this action and the injunction bond; (2) Defendants' request to exclude evidence concerning Magaly Whitehead; and (3) Plaintiff's request to exclude evidence concerning any failure to actually play instruments—specifically the guitar—at live performances. The Court denied with leave to reassert Plaintiff's requests to exclude evidence concerning: (1) a difference between "hard" and "soft" bookings; and (2) a settlement agreement with Milan Williams. The Court

also denied as moot the Defendants' request to preclude Plaintiff from eliciting direct testimony from any expert witness that Plaintiff identified as a rebuttal witness during discovery.[1] Finally, the Court reminded the parties that evidence that was not produced or disclosed during discovery will not be admitted into evidence at trial. Accordingly, the Court granted Defendants' request to exclude such evidence.

## CONCLUSION

As set forth above, and in accordance with the Court's rulings from the bench at the Final Pretrial Conference, it is hereby **ORDERED AND ADJUDGED** that:

1.  Plaintiff's Motion to Strike Expert Witness, Richard Wolfe, and Supporting Memorandum of Law (Doc. 254) is **GRANTED IN PART** as set forth in this Order.

2.  Plaintiff and Third Party Defendants' Motion in Limine (Doc. 289) is **GRANTED IN PART AND DENIED IN PART** as set forth in this Order.

3.  Defendants' Motions in Limine (Doc. 290) is **GRANTED IN PART AND DENIED IN PART** as set forth in this Order.

4.  [The Parties'] Joint Motion to Extend Time to File Exhibits to Joint Pretrial Statement (Doc. 318) is **GRANTED**.

5.  The Clerk of the Court is **DIRECTED** to strike from the record and return to the filing party each of the following documents:

    a.  Joint Pre-Trial Statement (Doc. 297);

    b.  Plaintiff, Commodores Entertainment Corporation's Exhibit List (Doc. 297-1);

---

[1] Plaintiff would be precluded from doing so under the Court's CMSO and the Rules of Civil Procedure, and Plaintiff indicated that it did not intend to call such witnesses on direct examination.

      c.       Defendants' Exhibit List (Doc. 297-2);

      d.       Plaintiff and Third Party Defendants' Objections and Cross-Designations to Defendants' Deposition Designations (Doc. 305);

      e.       Plaintiff and Third Party Defendants' Objections to Defendants' Proposed Exhibits (Doc. 306);

      f.       Plaintiff's Proposed Voir Dire Questions (Doc. 307);

      g.       Plaintiff's Amended Proposed Voir Dire Questions (Doc. 308);

      h.       Notice of Filing Revised Purported Joint/Agreed Jury Instructions and Objections (Doc. 309); and

      i.       Court's Instructions to the Jury (Doc. 309-1).

**DONE AND ORDERED** in Chambers in Orlando, Florida, on March 24, 2016.

ROY B. DALTON JR.
United States District Judge

Copies:

Counsel of Record