**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION**

COMMODORES ENTERTAINMENT
CORPORATION,

    Plaintiff/Counter
    Defendant,

v.     Case No. 6:14-cv-1335-Orl-37GJK

THOMAS McCLARY; and FIFTH
AVENUE ENTERTAINMENT, LLC,

    Defendants/
    Counter Claimants.

---

THOMAS McCLARY; and FIFTH
AVENUE ENTERTAINMENT, LLC,

    Third Party
    Plaintiffs,

v.

DAVID FISH; WILLIAM KING; WALTER
ORANGE; and DOES 1–100,

    Third Party
    Defendants.

---

**ORDER**

This cause is before the Court on the parties' cross motions for summary judgment. (Docs. 276, 277.)

On August 19, 2014, Plaintiff Commodores Entertainment Corporation initiated this trademark infringement action seeking damages and injunctive relief against Defendants Thomas McClary ("**McClary**") and Fifth Avenue Entertainment, LLC. (Doc. 1.) Generally, Plaintiffs allege that they have rights to the "Commodores" trademarks ("**Trademarks**"),

and that McClary has infringed on those rights. (*See id.*) Defendants raise numerous defenses, including that: (1) McClary has common law ownership of the Trademarks; and (2) Plaintiff does not own or have enforceable rights to the Trademarks. (Doc. 40, pp. 13–14; Doc. 59, p. 13.)

Since the outset, this litigation has been contentious and the issues have become increasingly convoluted. Consequently, in effort to effectively and efficiently manage the case, the Court bifurcated the action into two phases. (*See* Doc. 311.) The first phase will concern ownership of the Trademarks ("**Phase One**"), and depending on the outcome of Phase One, the second phase will concern the alleged infringement and damages. (*See id.*; *see also* Doc. 321.)

A jury trial for Phase One ("**Trial**") is scheduled to commence on July 25, 2016. (*See* Doc. 332.) Pending for resolution before Trial are the parties cross motions for summary judgment (collectively, the "**Motions**"). (Docs. 276, 277.) The Motions are fully briefed (*see* Docs. 276, 277, 281, 282, 285)[1] and ripe for the Court's consideration.[2]

Defendants move for summary judgment on the ground that Plaintiff does not own or have rights to the Trademarks. (*See* Doc. 276, pp. 6–7, 10–25.) In its respective Motion, Plaintiff takes the opposite position, arguing that it owns and has enforceable rights to the Trademarks as a matter of law. (Doc. 277, pp. 6–10.) In light of the conflicting evidence in support of the parties' Motions, the Court finds that it is unable to determine ownership of the Trademarks as a matter of law. Indeed, questions of fact remain regarding, *inter alia*, the historical use and federal registrations of the Trademarks.

---

[1] Plaintiff did not file a reply in support of its respective Motion.
[2] The Court disregards any arguments in the Motions that are inapplicable to Phase One.

Accordingly, it is hereby **ORDERED AND ADJUDGED** that Defendants' Motion for Summary Judgment (Doc. 276) and Plaintiff and Third Party Defendants' Motion for Partial Summary Judgment (Doc. 277) are **DENIED**. This action will proceed to trial as scheduled on **July 25, 2016**.

**DONE AND ORDERED** in Chambers in Orlando, Florida, on June 23, 2016.



ROY B. DALTON JR.
United States District Judge

Copies:

Counsel of Record