# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

COMMODORES ENTERTAINMENT
CORPORATION,

    Plaintiff/Counter
    Defendant,

v.                                                         Case No. 6:14-cv-1335-Orl-37GJK

THOMAS MCCLARY; and FIFTH
AVENUE ENTERTAINMENT, LLC,

    Defendants/
    Counter Claimants.

## ORDER

This cause is before the Court on Defendants' Unopposed Motion to Certify Order Numbers 353 and 359 as Final and Appealable pursuant to Federal Rule of Civil Procedure 54(b) (Doc. 363), filed August 19, 2016. Upon consideration, the Court will enter judgment as to Order Number 359, relating to ownership and trademark cancellation issues and convert the Preliminary Injunction to a Permanent Injunction.

## BACKGROUND

In this bifurcated trademark matter, the Phase I jury trial concluded on July 28, 2016, and resulted in the Court granting Plaintiff's *ore tenus* motion for judgment as a matter of law on the issues of ownership and trademark cancellation. (*See* Docs. 358, 359 (the "**JMOL Order**").) Subsequent to its oral pronouncement, the Court memorialized its JMOL Order in a written order. These actions were preceded by the Court's denial of Defendants' motion to dismiss Plaintiff's claims for failure to name an indispensable party. (*See* Docs. 352, 353.)

Presently, Defendants request the Court certify the foregoing orders as final and subject to immediate appellate review: (1) the Court's order denying Defendants' motion to dismiss Plaintiff's claims for failure to name an indispensable party (Doc 353); and (2) the Court's JMOL Order (Doc. 359), which is now memorialized in a written order (Doc. 364.)

## STANDARDS

Generally, only final judgments are appealable. *See Firestone Tire & Rubber Co. v. Risjord*, 449 U.S. 368, 374 (1981). However,

> [w]hen an action presents more than one claim for relief— whether as a claim, counterclaim, crossclaim, or third-party claim—or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay.

Fed. R. Civ. P. 54(b). The district court must direct entry of a *final* judgment, otherwise "an adjudication of fewer than all the claims of all the parties is not an appealable final decision." *Sperry Assoc. Fed. Credit Union v. Space Coast Credit Union*, No. 6:10-cv-1259, 2012 WL 4762128, at *1 (M.D. Fla. Oct. 5, 2012) (citing *In re Southeast Banking Corp.*, 69 F.3d 1539, 1547 (11th Cir. 1995)).

The United States Supreme Court has outlined a two-part analysis for determining whether a judgment should be certified under Rule 54(b). *Curtiss-Wright Corp. v. Gen. Elec. Co.*, 446 U.S. 1, 7 (1980). First, the district court must determine that its order is both: (1) "final," that is, an ultimate disposition of an individual claim entered in the course of a multiple claim action; and (2) a "judgment" in the sense that it is a decision upon a cognizable claim for relief. *See id.* at 7–8; *see also Lloyd Noland Found., Inc. v. Tenet Health Care Corp.*, 483 F.3d 773, 777 (11th Cir. 2007). Second, once the district court

has found a judgment to be final, it must determine if there is any "just reason" to delay an appeal of the final judgment. *Curtiss-Wright Corp.*, 446 U.S. at 8. Doing so, the district court must "balance judicial administrative interests and relevant equitable concerns" in an effort to ensure that the application of Rule 54(b) does not encourage piecemeal litigation. *Ebrahimi v. City of Huntsville Bd. of Educ.*, 114 F.3d 162, 165–66 (11th Cir. 1997) (per curiam). When granting a Rule 54(b) motion, the district court "should support [its] conclusion by clearly and cogently articulating its reasoning, together with the supporting factual and legal determinations." *Id.* at 167.

## DISCUSSION

Ultimately, the Court finds that Defendants' unopposed Motion as to the trademark ownership and cancellation issues satisfies the two-part analysis required by Rule 54(b).

**I.   Final Judgment**

With respect to the first step of the Rule 54(b) analysis, the Court finds that its JMOL Order is "final" — that is, it decided cognizable claims and ultimately disposed of them. *See Curtiss-Wright*, 446 U.S. at 7. Specifically, the Court conclusively decided that (1) Plaintiff owns and has enforceable rights to the trademarks at issue; and (2) the trademarks were validly registered. Accordingly, the Court has entered a Permanent Injunction enjoining Defendants from use of the Mark. Thus, it is a final judgment for purposes of Rule 54(b).

**II.   No Just Reason to Delay**

"District courts have substantial discretion in determining when there is no just cause for delay in entering judgment under Rule 54(b)." *Intergraph Corp. v. Intel Corp.*, 253 F.3d 695, 699 (Fed. Cir. 2001) (citing *Cold Metal Process Co. v. United Eng'g &*

*Foundry Co.*, 351 U.S. 445, 452 (1956)). This discretion should be exercised "in the interest of sound judicial administration." *Sears, Roebuck & Co. v. Mackey*, 351 U.S. 427, 437 (1956). A court "must take into account judicial administrative interests as well as the equities involved" when determining that no just cause for delay exists. *Curtiss-Wright Corp.*, 446 U.S. at 8. Additionally,

> the Court may consider 'such factors as whether the claims under review were separable from the others remaining to be adjudicated and whether the nature of the claims already determined was such that no appellate court would have to decide the same issues more than once even if there were subsequent appeals.

*Ingenuity, Inc. v. Linshell Innovations Ltd.*, No. 6:11-cv-93, 2014 WL 5782791, at *3 (M.D. Fla. Oct. 6, 2014) (citing *Curtiss-Wright Corp.*, 446 U.S. at 8).

Upon consideration, the Court concludes that immediate appeal of the JMOL Order will further judicial administrative interests and promote efficiency. The validity and ownership claims on which this Court granted the JMOL Order and entered Permanent Injunctive relief are separable from the liability and damages claims that are the subject of Phase II. Indeed, the bifurcation of this matter underscores the separate nature of the claims.[1] Moreover, resolving the propriety of the JMOL Order could moot Phase II or dramatically alter the trajectory of future proceedings. Procedurally, without an immediate appeal, Phase II of the trial will require Plaintiff to prove damages and the Court to empanel a jury, which if the JMOL Order is erroneous—and Plaintiff does not own the trademarks at issue—will be entirely academic. Equally important is the fact that if the

---

[1] The Court is aware that in bifurcated matters there is generally no appealable "final judgment" until all phases of the trial have been concluded, thus requiring judgment under Rule 54(b). *See Liberty Mut. Ins. Co. v. Wetzel*, 424 U.S. 737, 742–44 (1976).

JMOL Order is erroneous and a new trial results, then Defendant-Counter Claimant may be entitled to prove damages, again adding time and expense on the parties and the Court.  Thus, an immediate appeal of the JMOL order will hasten the parties' ability to "sail on down the line."[2] Mindful not to burden the Circuit Court with piecemeal appellate litigation, the sequential nature of this bifurcated trial all but guarantees that the Eleventh Circuit will not be presented with the ownership issue in subsequent appeals.

The balance of the equities likewise supports certification. Notably, the instant motion is unopposed, which demonstrates the absence of prejudice to the parties should judgment be entered. Finally, the parties should not have to endure the uncertainty of the ownership and validity of the trademarks as those issues unescapably dictate the parameters of Phase II.

## CONCLUSION

There being no just reason for delay, it is hereby **ORDERED AND ADJUDGED** that **FINAL JUDGMENT** is **ENTERED**, under Federal Rule of Civil Procedure 54(b), on this Court's Order granting Plaintiff's Motion for Judgment as a Matter of Law (Doc. 359).

**DONE AND ORDERED** in Chambers in Orlando, Florida, on August 24, 2016.



ROY B. DALTON JR.
United States District Judge

Copies:

---

[2] COMMODORES, SAIL ON (Motown Records 1979)

Counsel of Record