UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

COMMODORES ENTERTAINMENT
CORPORATION,

      Plaintiff,

v.                                                                    Case No. 6:14-cv-1335-Orl-37GJK

THOMAS MCCLARY; and FIFTH
AVENUE ENTERTAINMENT, LLC,

      Defendants.

_____

## ORDER

Before the Court is Plaintiff's Amended Motion for Additur/Treble Damages Under the Lanham Act. (Doc. 481 ("**Motion**").) Plaintiff requests the Court treble the jury's award of damages and enter a new judgment consistent with the increase in damages. (*Id.*) Defendants oppose. (Doc. 484.) On review, the Motion is due to be denied.

### I.    BACKGROUND

Plaintiff initiated this trademark infringement action in August 2014 due to Defendants' use of Plaintiff's trademark "The Commodores" during live music performances. (*See* Doc. 1 ("**Complaint**").) With the Complaint, Plaintiff also moved for a temporary restraining order and preliminary injunction. (Doc. 2.) On October 15, 2014, the Court preliminarily restrained and enjoined Defendants from performing under the name "The Commodores featuring Thomas McClary" or "The 2014 Commodores." (Doc. 56 ("**Preliminary Injunction**").) The Court later clarified that this injunction applies both

in the United States and foreign territories. (Doc. 141 ("**Clarification Order**").)

The Court then bifurcated the case into two phases: Phase I on trademark ownership; Phase II on everything else. (*See* Doc. 311.) In Phase I, the Court found Plaintiff owns the trademarks at issue and converted the Preliminary Injunction into a permanent injunction in favor of Plaintiff on August 25, 2016. (Doc. 364.) In Phase II, in relevant part, the Court found in favor of Plaintiff on its claim of trademark infringement under the Lanham Act. (Docs. 422, 426.) Then, after a two-day jury trial on damages, the jury returned a verdict on January 30, 2019, granting Plaintiff damages from Defendants' profits for multiple live musical performances in the United States and Europe in late 2014 and early 2015—most of which occurred after the Clarification Order. (Doc. 475 ("**Verdict**").) Judgment was then entered in favor of Plaintiff and against Defendant Thomas McClary for $29,833.00 and against Defendant Fifth Avenue Entertainment for $13,260.00 on February 4, 2019 based on Defendants' profits alone. (Doc. 476 ("**Judgment**").)

Plaintiff moved to treble the damages in the Verdict on February 26, 2019. (Doc. 477 ("**Original Motion**").) The next day, the Court denied the Original Motion without prejudice for failure to comply with the Local Rules. (Doc. 479.) Later that same day, Defendants filed a notice of appeal of the Judgment and Verdict (Doc. 480 ("**Notice of Appeal**")), and Plaintiff then filed an amended motion for additur and treble damages. (Doc. 481). With Defendants' response (Doc. 484), the matter is ripe.

## II.   ANALYSIS

Plaintiff requests this Court treble the jury's damages identified in the Verdict and Judgment given that Defendant's trademark infringement was "malicious, willful, and done with full notice and awareness of [Plaintiff's] federally registered trademarks" and most of the infringing performances took place after entry of the Preliminary Injunction. (Doc. 481, p. 9.) Defendants first question whether this Court has jurisdiction to rule on the Motion given the Notice of Appeal and then assert that even if the Court has jurisdiction, Plaintiff has not suffered any actual damages to be trebled. (Doc. 484, pp. 4– 6.) The Court starts with the jurisdiction question and then turns to the merits of the Motion.

### A.   Jurisdiction

First, the Court must consider whether it has jurisdiction to rule on the Motion as it was filed after Defendants' Notice of Appeal. (*See* Docs. 480, 481.) While "the filing of a notice of appeal deprives the district court of jurisdiction over all issues involved in the appeal," it doesn't "prevent the court from entertaining motions on matters collateral to those at issue on appeal." *Mahone v. Ray*, 326 F.3d 1176, 1179 (11th Cir. 2003) (citations omitted). And "in order to prevent unnecessary appellate review, . . . district court[s are] given express authority to entertain a timely motion to alter or amend the judgment under Rule 59, even after a notice of appeal ha[s] been filed." *Griggs v. Provident Consumer Disc. Co.*, 459 U.S. 56, 59 (1982) (citing Fed. R. App. P. 4(a)(4)). As the Motion seeks to alter the judgment and was timely filed, *see* Fed. R. Civ. P. 59(e), the Court finds it maintains jurisdiction to rule on the Motion.

**B.      Enhanced Damages**

With that, the Court turns to whether Plaintiff is entitled to treble the jury's awarded damages under the Lanham Act. For trademark infringement, a plaintiff may recover: "(1) defendant's profits, (2) any damages sustained by the plaintiff, and (3) the costs of the action." 15 U.S.C. § 1117(a). The Lanham Act instructs:

> In assessing damages the court may enter judgment, according to the circumstances of the case, for any sum above the amount found as actual damages, not exceeding three times such amount. If the court shall find that the amount of the recovery based on profits is either inadequate or excessive the court may in its discretion enter judgment for such sum as the court shall find to be just, according to the circumstances of the case. Such sum in either of the above circumstances shall constitute compensation and not a penalty.

*Id.* So "[t]he Court may, in its discretion, reduce or enhance the resulting award up to three times the amount of profits or damages, whichever is greater, as justice shall require." *Babbit Elecs., Inc. v. Dynascan Corp.*, 38 F.3d 1161, 1183 (11th Cir. 1994) (per curiam) (citing 15 U.S.C. § 1117(a)); *see also Burger King Corp. v. Mason*, 710 F.2d 1480, 1495 (11th Cir. 1983) (noting that § 1117 "vests considerable discretion in the district court"). But "[s]uch an award . . . may not be punitive, and must be based on a showing of actual harm." *Babbit Elecs., Inc.*, 38 F.3d at 1183 (citing *Donsco, Inc. v. Casper Corp.*, 587 F.2d 602 (3d Cir. 1978)).

Here, although the Court is troubled by Defendants' trademark infringement—particularly that which occurred after entry of the Preliminary Injunction—the Court declines to enhance the damages the jury awarded. The Verdict adequately provides damages based on Defendants' profits from the infringing performances, and Plaintiff

failed to prove it was harmed in any other way or entitled to any other damages. (*See* Doc. 475.) Additionally, Plaintiff has the permanent injunction, coupled with the Verdict and Judgment, to protect it from future harm. (*See* Docs. 56, 364.) Thus, the Motion is due to be denied as the jury's award of profits is adequate and any additional damages would be punitive and not based on any actual harm. *See* 15 U.S.C. § 1117(a); *Babbit Elecs., Inc.*, 38 F.3d at 1183; *see also PODS Enters., LLC v. U-Haul Int'l, Inc.*, 126 F. Supp.3d 1263, 1290 (M.D. Fla. 2015) (declining to enhance damages when verdict adequately compensated the plaintiff, the plaintiff received a permanent injunction, and any additional damages would essentially penalize the defendant).

### III.   CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** that Plaintiff's Amended Motion for Additur/Treble Damages Under the Lanham Act (Doc. 481) is **DENIED.**

**DONE AND ORDERED** in Chambers in Orlando, Florida, on April 2, 2019.



ROY B. DALTON JR.
United States District Judge

Copies to:
Counsel of Record