# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

COMMODORES
ENTERTAINMENT
CORPORATION,

   Plaintiff,

v.                                                    Case No. 6:14-cv-1335-RBD-GJK

THOMAS MCCLARY; and FIFTH
AVENUE ENTERTAINMENT, LLC,

   Defendants.
_____

## ORDER

Before the Court are:

1. Plaintiff's Third Renewed Motion for Attorneys' Fees and Costs (Doc. 554 ("Motion"));

2. Defendants' Opposition to CEC's Third Renewed Motion for Attorneys' Fees and Costs (Doc. 555);

3. U.S. Magistrate Judge Gregory J. Kelly's Report and Recommendation (Doc. 557 ("R&R"));

4. Defendants' Opposition to Magistrate Judge's Report and Recommendation (Doc. 559 ("Objection")); and

5. Plaintiff's Response in Opposition to Defendants' Objections to

Report and Recommendation (Doc. 561).

On *de novo* review, the R&R is due to be adopted.

## BACKGROUND

After the latest appeal resulted in the U.S. Court of Appeals for the Eleventh Circuit remanding consideration of attorney's fees to this Court (Doc. 552), Plaintiff moved for an award of attorney's fees and costs, arguing that it has won at every turn for nearly seven years, so this case is exceptional under 15 U.S.C. § 1117(A) and *Octane Fitness*. (Doc. 554.)[1] Defendants opposed, arguing their litigation position was strong and they did not litigate the case in an unreasonable manner. (Doc. 555.)

Judge Kelly detailed Defendants' unreasonable litigation tactics over the lengthy history of this case and accordingly recommended that Plaintiff be granted entitlement to fees. (Doc. 557, pp. 5–11.) But because Plaintiff did not specify or provide support for the amount of fees it was seeking—instead relying on old declarations submitted before the Phase II trial—Judge Kelly recommended that Plaintiff be required to file a supplemental motion to determine the amount. (*Id.* at 11–16 (referencing Local Rule 7.01).)

---

[1] Neither Plaintiff's Motion nor Defendants' Objection complies with the Local Rules' formatting requirements. Because both sides had ample opportunity to state their positions, there is no harm, no foul. But the parties are cautioned that further briefing must comply with the recently updated Local Rules or it will be stricken.

Defendants objected, regurgitating their arguments from their opposition to the Motion.[2] (*See* Doc. 559, pp. 7–23.) They also argued that Judge Kelly's recommendation to bifurcate the entitlement and amount briefing inappropriately retroactively applies the new Local Rule 7.01 to Plaintiff's older Motion. (*Id.* at 18–22.) Plaintiff responded in support of Judge Kelly's R&R. (Doc. 561.) The matter is now ripe.

## STANDARDS

When a party objects to a magistrate judge's findings, the district judge must "make a de novo determination of those portions of the report . . . to which objection is made." 28 U.S.C. § 636(b)(1). The district judge "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." *Id.* The district judge must consider the record independent of the magistrate judge's report. *See Ernest S. ex rel. Jeffrey S. v. State Bd. of Educ.*, 896 F.2d 507, 513 (11th Cir. 1990).

---

[2] In addition to the Objection, Defendants also asked the Court to take judicial notice of a recent decision by the European Union ("EU") Intellectual Property Office rejecting Plaintiff's objection to Defendant's application to register the mark at issue in the EU. (Doc. 558.) Federal Rule of Evidence 201 governs when courts may take judicial notice of adjudicative facts. Adjudicative facts are those "relevant to a determination of the claims presented in a case." *Dippin' Dots, Inc. v. Frosty Bites Distrib., LLC*, 369 F.3d 1197, 1204 (11th Cir. 2004). Because an EU decision from February 2021 has no bearing on Defendants' lengthy history of vexatious litigation in this case or on the substantive claims that were decided in Plaintiff's favor long ago, the decision is not a relevant adjudicative fact, so Rule 201 does not apply.

## ANALYSIS

After an independent *de novo* review of the record, including Defendants' Objection (Doc. 559), the Court agrees entirely with Judge Kelly's well-reasoned and thorough R&R. Because the Objection largely restates arguments Defendants made in their original opposition (Doc. 555), there is no need to reiterate all of Judge Kelly's recommendations, with which the Court agrees. This is an exceptional case, and Plaintiff is entitled to fees.[3] *See Octane Fitness, LLC v. ICON Health & Fitness, Inc.*, 572 U.S. 545, 554 (2014).

As to Defendants' argument that Judge Kelly erred in recommending that the entitlement and amount briefing be bifurcated because Local Rule 7.01 did not yet apply to Plaintiff's Motion, it is not well-taken. (Doc. 559, pp. 18–22.) Federal Rule of Civil Procedure 54(d)(2)(C) has long provided that courts may decide entitlement before amount, and such procedure is especially appropriate here given the tortuous history of this case. So the R&R is due to be adopted in full.

---

[3] Defendants' Objection references comments made by the Court at one of the pretrial conferences in this case in August 2018, during which the Court offhandedly remarked that it was not inclined to find this an exceptional case. (Doc. 559, p. 6 (citing Doc. 430, p. 44).) These comments are wholly irrelevant. The Court specifically noted it was "not making a determination" on the issue, which had not yet been briefed, and the comments were made in the context of encouraging the parties to resolve their remaining issues before the necessity of holding the Phase II trial. (Doc. 430, pp. 44–47.) Most importantly, those comments were made only halfway through this case, which has dragged on for another three years despite Defendants losing at every turn. So at this point, the Court does find this an exceptional case.

## CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED**:

1. Defendants' Objection (Doc. 559) is **OVERRULED**.

2. The R&R (Doc. 557) is **ADOPTED AND CONFIRMED** and made a part of this Order in its entirety.

3. The Motion (Doc. 554) is **GRANTED IN PART AND DENIED IN PART**:

    a. Plaintiff is **ENTITLED** to an award of attorney's fees under 15 U.S.C. § 1117(a).

    b. The parties are **DIRECTED** to comply with Local Rule 7.01(c) and (d) for a determination of the amount of attorney's fees and costs.

    c. In all other respects, the Motion is **DENIED**.

**DONE AND ORDERED** in Chambers in Orlando, Florida, on April 30, 2021.



ROY B. DALTON JR.
United States District Judge