UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

COMMODORES
ENTERTAINMENT
CORPORATION,

    Plaintiff,

v.                                                     Case No. 6:14-cv-1335-RBD-GJK

THOMAS MCCLARY; and FIFTH
AVENUE ENTERTAINMENT, LLC,

    Defendants.
_____

## ORDER

Before the Court are:

1. Plaintiff's Supplemental Motion on Amount of Attorneys' Fees and Costs (Doc. 563 ("Motion"));

2. Defendants' Opposition to CEC's Supplemental Motion for Attorneys' Fees and Costs (Doc. 566);

3. Plaintiff's Reply to Defendants' Objection to Supplemental Motion on Amount of Attorneys' Fees and Costs (Doc. 569);

4. U.S. Magistrate Judge Gregory J. Kelly's Report and Recommendation (Doc. 572 ("R&R"));

5. Defendants' Objection to Magistrate Judge's Report and

Recommendation (Doc. 579 ("Objection")); and

6. Plaintiff's Response in Opposition to Defendants' Objection (Doc. 581).

Defendants' Objection is due to be overruled and the R&R adopted.

After winning its appeal, the Court previously found that Plaintiff was entitled to attorney's fees under *Octane Fitness, LLC v. ICON Health & Fitness, Inc.*, 572 U.S. 545 (2014). (Doc. 562.) Plaintiff then moved to determine the appropriate amount. (Doc. 563; *see* Docs. 566, 569.) On referral, Judge Kelly recommends granting Plaintiff's Motion in part and awarding fees of $602,618.67 and costs of $4,560.56. (Doc. 572.) Defendants objected, largely attempting to relitigate the *Octane Fitness* finding. (Doc. 579.) Plaintiff responded. (Doc. 581.)

On *de novo* review of the portions of the R&R to which Defendants specifically objected, the Objection is due to be overruled in full. *See* 28 U.S.C. § 636(b)(1). Defendants' attempt to relitigate Plaintiff's entitlement to fees for particular phases of the lawsuit is not well-taken, as the Court has already thoroughly considered and rejected these arguments. (Doc. 562; *see* Doc. 579, pp. 12–15.) And Defendants' specific contentions that Judge Kelly should have rejected portions of Plaintiff's request are similarly unavailing, as the method for calculation and the amount of fees are wholly reasonable in this long-running case.

(*See* Doc. 579, pp. 15–17.) Finally,[1] Defendants provided no authority in this context for their assertion that the fees should be reduced because of Thomas McClary's purported inability to pay, nor is this contention persuasive. (*See id.* at 17–18; Doc. 572, pp. 22–23; Doc. 581, p. 8.)

Accordingly, it is **ORDERED AND ADJUDGED**:

1. Defendants' Objection (Doc. 579) is **OVERRULED**.

2. The R&R (Doc. 572) is **ADOPTED AND CONFIRMED** and made a part of this Order in its entirety.

3. Plaintiff's Motion (Doc. 563) is **GRANTED IN PART AND DENIED IN PART**:

    a. Plaintiff is **GRANTED** attorney's fees in the amount of $602,618.67 and costs in the amount of $4,560.56.

    b. In all other respects, the Motion is **DENIED**.

**DONE AND ORDERED** in Chambers in Orlando, Florida, on December 16, 2021.



ROY B. DALTON JR.
United States District Judge

---

[1] Defendants' one-sentence objection that the award of costs is untimely is both unsupported and meritless, as the Court's previous order explicitly permitted Plaintiff to seek costs. (Doc. 562, p. 5; *see* Doc. 579, pp. 18–19.)