**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

COMMODORES ENTERTAINMENT CORPORATION,

Plaintiff,

v. Case No. 6:14-cv-1335-RBD-GJK

THOMAS MCCLARY; and FIFTH AVENUE ENTERTAINMENT, LLC,

Defendants.

---

**ORDER**

Before the Court are:

1. Defendants' Motion to Modify the Permanent Injunction to Remove Its Reach from the Countries Contained Within the European Union (Doc. 570 ("Motion")); and

2. CEC's Response in Opposition to Defendants' Second Motion to Modify Scope of the Permanent Injunction (Doc. 576).

Defendants' Motion is due to be denied.

The facts and procedural posture of this long-running case need not be reiterated at length. In brief, Defendants violated Plaintiff's trademark THE COMMODORES by using "The Commodores featuring Thomas McClary"

and "The 2014 Commodores" to promote Defendant Thomas McClary's performances. (*See* Doc. 501, pp. 1–2.) In October 2014, the Court granted Plaintiff a worldwide preliminary injunction, which was upheld by the U.S. Court of Appeals for the Eleventh Circuit; in August 2016, the Court converted that to a permanent injunction, which was also upheld. (*See id.*) In May 2019, Defendants moved to modify the scope of the injunction under Federal Rule of Civil Procedure 60(b)(5) and (6) based on McClary's licenses to use the COMMODORES mark in Mexico, New Zealand, and Switzerland; the Court denied that motion, and the Eleventh Circuit affirmed. (*Id.* at 10; Doc. 549.) Defendants now try again under the same Rule, this time seeking to modify the scope of the injunction based on their recent registration of the COMMODORES mark in the European Union ("EU").[1] (Doc. 570.) But this Motion suffers the same fate as the earlier one.

First, Defendants' Motion is untimely. Rule 60(b)(5) and (6) require such a motion to be brought within a "reasonable time." Fed. R. Civ. P. 60(c)(1). There can be no question that this Motion, which was brought more than five years after the permanent injunction, is not reasonably timely. (*See* Doc. 365.) The Court made this same ruling in the order denying the first motion to modify the injunction,

[1] The Court takes judicial notice of the EU decision only to the extent of recognizing there is litigation between the parties in the EU concerning the mark at issue on which the EU Intellectual Property Office Board of Appeal has ruled. (Doc. 571; *see* Doc. 575); Fed. R. Evid. 201; *United States v. Jones*, 29 F.3d 1549, 1553 (11th Cir. 1994); *Giustiniani v. Fla. Dep't of Fin. Servs.*, No. 3:11-cv-792, 2012 WL 398136, at *2 (M.D. Fla. Feb. 8, 2012).

and the Eleventh Circuit affirmed the timeliness ruling specifically. (*See* Doc. 501, pp. 5–6; Doc. 549, p. 13.) The instant Motion is even further untimely, so it due to be denied on that reason alone.

But even if the Motion were timely, it still fails on the merits. The Motion largely relies on the language of the Eleventh Circuit's opinion upholding this Court's ruling that because (at that time) Defendants had not succeeded in obtaining a foreign registration of the mark, there was no threat to foreign sovereignty in maintaining a worldwide injunction. (Doc. 570, pp. 6–7; *see* Doc. 323, p. 16.) Defendants urge that, now that they have succeeded in obtaining registration of the mark in the EU, preventing them from using the mark there violates foreign sovereignty. (Doc. 570.) But Defendants misunderstand the law.

Courts have jurisdiction over extraterritorial trademark disputes where: "1) Defendant is a United States [citizen]; 2) the foreign activity had substantial effects in the United States; and 3) exercising jurisdiction would not interfere with the sovereignty of another nation." *Int'l Cafe, S.A.L. v. Hard Rock Cafe Int'l (U.S.A.), Inc.*, 252 F.3d 1274, 1278 (11th Cir. 2001) (citing *Steele v. Bulova Watch Co.*, 344 U.S. 280 (1952)). But "the absence of one *Bulova* factor is not necessarily determinative." *Alpacific S.A. v. Diageo Latin Am. & Caribbean, Inc.*, No. 10-CV-23822, 2012 WL 12844739, at *6 (S.D. Fla. Mar. 28, 2012).[2] So extraterritorial application can still be

[2] *See also Am. Rice, Inc. v. Arkansas Rice Growers Co-op. Ass'n*, 701 F.2d 408, 414 (5th Cir.

appropriate "[e]ven if exercising jurisdiction *would* interfere with [another nation's] sovereignty." *Id.* (emphasis added). Importantly, though, worldwide application of a U.S. injunction does *not* necessarily interfere with another country's sovereignty, even if the defendant holds a prior trademark registration in that country—because preventing the defendant from using the foreign registration does not mean the U.S. court must declare a foreign sovereign's registration invalid. *See Bulova Watch Co. v. Steele*, 194 F.2d 567, 571 (5th Cir.), *aff'd*, 344 U.S. 280 (1952);[3] *Ramirez & Feraud Chili Co. v. Las Palmas Food Co.*, 146 F. Supp. 594, 602 (S.D. Cal. 1956), *aff'd*, 245 F.2d 874 (9th Cir. 1957), *cert. denied*, 355 U.S. 927 (1958); *cf. Hartford Fire Ins. Co. v. California*, 509 U.S. 764, 798–99 (1993) (in antitrust context, holding that because foreign law did not require defendant to actively break law in U.S., and U.S. court would have only required defendant to refrain from taking action abroad that would break U.S. law, it was possible to comply with both countries' laws, so there was no conflict impinging on comity).

1983); *Wells Fargo & Co. v. Wells Fargo Exp. Co.*, 556 F.2d 406, 428 (9th Cir. 1977); *cf. Int'l Café*, 252 F.3d at 1278.

[3] In *Bulova*, before the case reached the U.S. Supreme Court, the defendant did have a prior foreign registration of the mark in Mexico. 194 F.2d at 571. The U.S. Court of Appeals for the Fifth Circuit considered whether the defendant's foreign registration prevented extraterritorial application of the injunction and rejected the argument, holding that preventing the defendant from using a foreign registered mark did not equal conflict with the foreign sovereign. *Id.* The Supreme Court did not have the occasion to take up this issue because Mexico cancelled the registration prior to that Court hearing the case. *See Bulova*, 344 U.S. at 285, 289. But the Fifth Circuit's ruling on the sovereign conflict issue is still good law—and binding on this Court. *See Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981).

Here, the Court has already found, and the Eleventh Circuit agreed, that the first two factors of the *Bulova* test weigh in favor of extraterritorial application. (*See* Doc. 501, pp. 7–8.) So the third factor is not dispositive, given that Defendants are U.S. citizens[4] and their misconduct has had substantial effects on U.S. commerce.[5] *See Bulova*, 344 U.S. at 288 ("Unlawful effects in this country . . . are often decisive."); *see also Alpacific*, 2012 WL 12844739, at *6 (finding extraterritorial jurisdiction proper even where it could interfere with foreign sovereignty because the first two factors were favorable); *cf. Levi Strauss & Co. v. Sunrise Int'l Trading Inc.*, 51 F.3d 982, 985 n.1 (11th Cir. 1995) (upholding extraterritorial jurisdiction where first two factors were favorable, and noting that decision did not impose on foreign sovereignty because, among other things, the defendants were not enjoined from any "purely extraterritorial activity having no effect on U.S. commerce").

But even considering the third factor, the worldwide injunction does not

[4] Cases in which a foreign national's infringing conduct is legal under a mark in his own country are not relevant. *Cf. Vanity Fair Mills, Inc. v. T. Eaton Co.*, 234 F.2d 633, 642 (2d Cir. 1956).

[5] The Eleventh Circuit's holding in *International Café*, 252 F.3d at 1276–78, does not prevent this conclusion because in that case, unlike here, the allegedly infringing conduct was purely foreign. There, the plaintiff had not alleged that the defendant was using the mark in the U.S., and indeed, the plaintiff himself was not even using the mark in the U.S.—his only complaint was that he had registered the mark abroad first and the defendant was infringing abroad. *See id.* So the court concluded it had no jurisdiction over that foreign conduct. *Id.* The facts here supporting extraterritorial jurisdiction are much stronger, given the U.S. citizenship of both parties, Plaintiff's registration and use of the mark in the U.S., and Defendants' infringement both in the U.S. and abroad. (*See* Doc. 501.)

conflict with the EU's sovereignty. Binding case law compels the conclusion that, even if Defendants had been successful in registering the mark abroad prior to this litigation, that would not necessarily have prevented extraterritorial application because this Court enjoining Defendants from using the mark in the EU does not affirmatively conflict with the EU's sovereignty.[6] *See Bulova*, 194 F.2d at 571; *see also Ramirez*, 146 F. Supp. at 602; *cf. Hartford Fire*, 509 U.S. at 798–99. Defendants cite no contrary persuasive authority.[7] And indeed, this logic applies even more strongly here, where Defendants obtained the foreign registration *after* this Court's injunction had already been entered—apparently on the strength of foreign performances done in disobedience of the injunction. (*See* Doc. 576, p. 5 & n.2); *cf. Blue Cross & Blue Shield Ass'n v. Grp. Hospitalization & Med. Servs., Inc.*, 744 F. Supp. 700, 720 (E.D. Va.), *aff'd per curiam in part on relevant issue*, 911 F.2d 720 (4th Cir. 1990) (finding that defendant's clandestine registration of plaintiff's mark in foreign countries violated Lanham Act, enjoining defendant from claiming

[6] No one has asked this Court to declare the EU mark invalid, nor does this Order do so. *See Ramirez*, 146 F. Supp. at 602.

[7] Defendants cite only two cases in support of their argument that the worldwide injunction conflicts with foreign sovereignty, but both are wholly inapposite. (*See* Doc. 570, pp. 16–19.) In *International Diamond Importers, Inc. v. Med Art, Inc.*, No. 15-CV-4045, 2017 WL 2839640, at *8 (S.D.N.Y. June 29, 2017), and *Blumenthal Distributing, Inc. v. Herman Miller, Inc.*, No. ED CV14-01926, 2017 WL 3271706, at *36–37 (C.D. Cal. Aug. 1, 2017), *rev'd in part on other grounds*, 963 F.3d 859 (9th Cir. 2020), *and* 811 F. App'x 421 (9th Cir. 2020), those courts found that the plaintiffs failed to sufficiently plead or prove that the defendants' conduct had a substantial effect on U.S. commerce. But Plaintiff has already proven a substantial effect on U.S. commerce, so both of these cases are irrelevant to the consideration of the third *Bulova* factor. (Doc. 501, pp. 7–8; *see* Doc. 549, p. 13 n.3.)

ownership of the mark in foreign countries, and ordering defendant to assign any registrations in foreign countries to plaintiff). In this case, the Court is not declaring a prior foreign mark invalid; it is only upholding its original ruling, which has already been affirmed multiple times over. As such, the third *Bulova* factor does not counsel against the extraterritorial application of the injunction.

Permitting Defendants to use their *post hoc* foreign registration in violation of the Court's injunction would reward them for their misconduct. They want to use the mark abroad in defiance of the Court's Order and profit from their noncompliance—to have their cake and eat it too.[8] Such a result would be inequitable and unjust, so their Rule 60(b)(5) and (6) Motion to modify the scope of the injunction is due to be denied.[9]

Accordingly, it is **ORDERED AND ADJUDGED** that Defendants' Motion (Doc. 570) is **DENIED**.

**DONE AND ORDERED** in Chambers in Orlando, Florida, on January 5, 2022.

---

[8] The Court's conclusion is bolstered by the fact that Defendants apparently have now sought to register the mark in the United Kingdom, as well. (*See* Doc. 580.)

[9] *See* 15 U.S.C. § 1116 (trademark injunctions are based on principles of equity); Fed. R. Civ. P. 60(b) (court may modify judgment on "just terms"); *Cook v. Birmingham News*, 618 F.2d 1149, 1153 (5th Cir. 1980) (Rule 60(b)(5) should be used "to prevent injustice"); *Ritter v. Smith*, 811 F.2d 1398, 1400 (11th Cir. 1987) (Rule 60(b)(6) should be used to "do justice").

ROY B. DALTON JR.
United States District Judge